[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13322
Non-Argument Calendar

_____

D.C. Docket No. 9:14-cv-80586-RLR

DANIEL IMPERATO,

Plaintiff-Appellant,

versus

NAVIGATORS INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 30, 2021)

Before ROSENBAUM, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Daniel Imperato, proceeding *pro se*, appeals a district court order denying his motion for extension of time to file a motion for reconsideration. On appeal, Imperato fails to argue a basis for reversing this order and thus has abandoned any such challenge. But even absent abandonment, we cannot say that the district court abused its discretion in denying his motion for extension of time.

After the SEC brought a civil enforcement action against Imperato and a company he controlled, he filed this lawsuit against Navigators Insurance Company, claiming that the insurer owed a duty to defend and indemnify him in the enforcement action. The district court concluded that nothing in the insurance police obligated the insurer to defend or indemnify Imperato in the enforcement action and dismissed the complaint. We affirmed the district court's judgment. *See Imperato v. Navigator's Ins.*, 777 F. App'x 341 (11th Cir. 2019) (unpublished).

More than a year after our decision, Imperato filed a post-judgment motion, seeking to reopen the case pursuant to Federal Rule of Civil Procedure 60(b)(3) or 60(b)(4). The district court denied the motion. Imperato then filed a motion seeking an extension of time to file a motion for reconsideration. The district court denied that motion, too. This appeal followed.

Imperato's arguments on appeal address whether the district court erred in concluding that the insurer owed no duty to defend or indemnify Imperato in the SEC enforcement action and in denying Imperato's post-judgment motion to

reopen the case. He also appears to challenge even earlier orders from the district court that denied his motions for recusal, for discovery, and to amend his complaint. We previously determined that we lacked appellate jurisdiction to review any of these orders because Imperato's notice of appeal was untimely as to them. We explained that the only issue properly before us on appeal was whether the district court erred when it denied Imperato's motion for an extension of time.

Liberally construing Imperato's *pro se* appellate brief, *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), we find no arguments addressing the district court's order denying his motion for an extension of time to file a reconsideration motion. Imperato thus has abandoned any argument that the district court erred in denying the motion. *See id.* ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned . . . ."). But even if Imperato had not abandoned the issue, we cannot say that the district court abused its considerable discretion when it refused to extend the deadline for Imperato to file a motion for reconsideration of the court's order denying his post-judgment motion. *See Young v. City of Palm Bay*, 358 F.3d 859, 863 (11th Cir. 2004) (explaining that a district court generally possesses "managerial power to maintain control over its docket" and has discretion to deny a request to extend a deadline). Accordingly, we affirm.[1]

_____

[1] Imperato's Motion for Default Final Judgment and Motion to Strike are DENIED.

**AFFIRMED**.